# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAS AMMALLAH MOORIS BEY, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> JAMES GIGIELLO, et al., ) </br> ) </br> Defendants. ) </br> ) | Civil Action No. 19-11621-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                               September 6, 2019

For the reasons set forth below, the Court grants plaintiff twenty-one days to file a complaint accompanied by either the filing fee or a motion for leave to proceed *in forma pauperis*.

**I. Background**

On July 25, 2019, the Clerk of Court received several submissions from Plaintiff Ras Ammallah Mooris Bey ("Bey"), a resident of Boston, Massachusetts. D. 1. Bey did not file a complaint and did not pay the filing fee or a motion for leave to proceed *in forma pauperis*.

As best can be gleaned from the filings, Bey complains that on July 17, 2018, her motor vehicle was repossessed by Westlake Financial Services for non-payment. D. 1. At that time, several police officers responded to a call concerning a disturbance arising from the repossession of Bey's vehicle by a tow truck company. Id.

Bey represents in her filings that she is a Moorish American and argues that such status provides a form of immunity from the civil and criminal laws of the state. Id. Bey's filings include two criminal complaint forms (AO 91) alleging violations of 15 U.S.C. §§ 1692c, 1692d, 1692e,

1692f and 18 U.S.C. §§ 241, 242, 245. Id. Bey's filings also include a Boston Police Department incident report, an "Affidavit of International Trust of the Moorish Divine and National Movement of the World," an "Affidavit of Financial Statement," an "Affidavit of Fact," an "Original Certificate of Exemption," a "Federal Recognized Exemption Status Affidavit," a "Judicial Notice and Proclamation," and a "Violation Warning." Id.

## II. Discussion

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Ms. Bey's submissions do not constitute a complaint. If she wishes to pursue this action, she must file a complaint accompanied by payment of the filing fee or a motion for leave to proceed *in forma pauperis*.

To the extent Bey seeks to have this Court issue a criminal complaint, this Court is unable to do so. Under the United States Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that may conduct criminal investigations and bring criminal charges. See United States v. Nixon, 418 U.S. 683, 693 (1974); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000).

Moreover, Bey does not have standing to bring a criminal action in federal court because no statute authorizes her to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).

To the extent Bey seeks to assert a civil action, she must file a complaint that contains a statement of the Court's jurisdiction, "a short and plain statement of the claim showing that the

pleader is entitled to relief," and a demand for relief. See Fed. R. Civ. P. 8(a). The requirement to provide a "short and plain statement of the claim" means that the complaint must contain "enough detail to provide [each] defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, [and] where,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)).

In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure. The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiff must sign the complaint. See Fed. R. Civ. P. 11(a).

In light of the foregoing, this action will be dismissed in twenty-one days unless Bey files a complaint that comports with the rules as described above accompanied by either the filing fee or a motion for leave to proceed *in forma pauperis*.

### III. Conclusion

Based upon the foregoing, it is hereby ORDERED:

1. If Bey wishes to pursue this action, she shall, within twenty-one (21) days of the date of this Memorandum and Order, (1) file a complaint and (2) either pay the $400 filing fee or file an application to proceed in district court without prepaying fees or costs; and

2. The Clerk shall send Bey the forms for filing a civil complaint and an application to proceed in district court without prepaying fees or costs. Plaintiff's failure to comply with these directives likely will result in the dismissal of this action.

**SO ORDERED.**

                                                /s/ Denise J. Casper
                                                Denise J. Casper
                                                United States District Judge